# United States District Court
# Central District of California

| | |
|---|---|
| ADVANCED LABORATORIES INTERNATIONAL, LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>VALENTUS INTERNATIONAL; DAVE JORDAN; and DOES 1–20, inclusive,<br><br>           Defendants.<br>_____<br>VALENTUS, INC. and DAVID JORDAN;<br><br>           Counterclaimants,<br><br>   v.<br><br>ADVANCED LABORATORY INTERNATIONAL, LLC; VITAE GLOBAL, LLC; and LOUIS VOLPE;<br><br>           Counterdefendants. | Case No. 2:17-MC- 00106-ODW(RAO)<br><br>**ORDER TO SHOW CAUSE** |

Pending before the Court is Defendant/Counterclaimant Valentus' Application for an Order to Show Cause why nonparty Jayr Viens Datu should not be held in contempt for failure to comply with a subpoena to produce documents ("Application"). (Appl., ECF No. 1.) This Court has jurisdiction to review this Application pursuant to Federal Rule of Civil Procedure 45(f), because the designated place for production of documents and compliance with the Subpoena is in Los Angeles. The underlying action is pending in the United States District Court for the Eastern District of California, and is entitled *Advanced Laboratories International, LLC v. Valentus International, et al.*, Case No. 2:17-cv-00141-TLN-CMK. After reviewing the Application and supporting Declaration (Campbell Decl., ECF No. 1-2), the Court **GRANTS** the Application.

## I. Background

Valentus markets and sells a coffee product referred to as SlimRoast through a network of independent distributors who are compensated based on their sales and from their referrals of new distributors. (Appl. 3:11-15, ECF No. 1.) In or about March 2016, Valentus and its former manufacturer, Advanced Laboratories International, LLC ("Advanced Labs") entered an agreement for the purchase of bulk amounts of coffee. (Appl. 3:21, ECF No. 1.) During the course of manufacturing and packaging product for Valentus, Advanced Labs allegedly manufactured large quantities of excess SlimRoast without authorization, and sold it at "drastically reduced prices." (*Id* at 4.) Valentus further alleges that Advanced Labs' owner, Louis Volpe, began manufacturing a competing product and sought to induce Valentus' distributors to leave Valentus and join their new competing company, Vitae Global, LLC. (*Id.*)

Advanced Labs filed suit against Valentus on December 21, 2016, contending that Valentus breached the parties' agreement when Valentus refused shipment of any further deliveries of bulk coffee from Advanced Labs. (*Advanced Labs Int'l, LLC v. Valentus Int'l, et al.*, No. 2:17-cv-00141-TLN-CMK, Compl. ¶11, ECF No. 1.) In its

Answer, Valentus filed a Counterclaim against Advanced Labs, asserting various counterclaims, including trademark infringement, false association, trafficking in counterfeit marks, associated RICO violations, and tortious interference. (Appl.) Valentus states that nonparty Jayr Viens Datu is an important witness to this action because Mr. Datu was one of the initial distributors to leave Valuntus and become a distributor with Vitae Global. (Appl. 2.) Mr. Datu was personally served a Subpoena to Produce Documents at his residence in Lakewood, California on April 24, 2017, and was obligated to comply with the Subpoena on May 25, 2017 at a location in Beverly Hills. (ECF No. 1.) Mr. Datu has not responded to the Subpoena nor has he produced any documents. (Campbell Decl. ¶14.) Since the missed deadline for compliance, Valentus has attempted to confer with Mr. Datu, including attempts via overnight mail, email, and telephone. (Campbell Decl. ¶¶ 4, 8, 9, 10.)

## II. Legal Standard

Under Rule 45(a)(1)(A)(iii), a subpoena "command[s] each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Under Rule 45(g), the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The party moving for civil contempt must prove that the alleged contemnor violated a court order by clear and convincing evidence. *Fed. Trade Comm'n v. Affordable Media,* 179 F.3d 1228, 1239 (9th Cir. 1999). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Fed. Trade Comm'n v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004). "Civil contempt is characterized by the court's desire to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries which result from the non-compliance." *Martinez v. City of Pittsburg*, C 11–01017 SBA LB, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012).

Rule 45(g) was added with the 2013 Amendment to Rule 45. The Advisory Committee Notes regarding 45(g) note that:

> In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.

Advisory Committee Notes on Fed. R. Civ. P. 45 (2013); *see also Martinez*, 2012 WL 699462, at *3 \ (granting party's application for order to show cause why a non-party should not be held in contempt but finding sanctions premature).

**III. Application**

Based on the facts set forth in Valentus' Application and supporting Declaration, the Court finds that the Subpoena was valid and properly served. Mr. Datu has failed to respond, despite numerous good faith attempts by Valentus to obtain the requested discovery without court action.

Accordingly, Valentus' Application for an Order to Show Cause is **GRANTED**.

**IV. Order**

**IT IS ORDERED** that nonparty Jayr Viens Datu appear before this District Court of the United States for the Central District of California, at the following date, time, and address, to show cause why the production of books, papers, records, and other data demanded in the subject Subpoena should not be compelled:

///

///

///

///

4

| | | |
|---|---|---|
| Date: | Monday, September 25, 2017 | |
| Time: | 1:30 p.m. | |
| Courtroom: | 5D | |
| Address: | First Street Courthouse | |
| | 350 W. 1st Street | |
| | Los Angeles, CA 90012 | |

**IT IS SO ORDERED.**

September 14, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**